UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-cr-0240-SEB-DML |
| | ) | |
| PRESTON DUVALL GITTINGS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 15, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 6, 2021, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 6, 2021, defendant Preston Duvall Gittings appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Will McCoskey, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Gittings of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Gittings questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Gittings and his counsel, who informed the court they had reviewed the Petition and that Mr. Gittings understood the violations alleged. Mr. Gittings waived further reading of the Petition. The court summarized the allegations in the Petition.

3. The court advised Mr. Gittings of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Gittings was advised of the rights he would have at a preliminary hearing. Mr. Gittings stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Gittings of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Gittings, by counsel, stipulated that he committed Violation Numbers 1, 2, and 5 set forth in the Petition as follows:

| Violation Number | **Nature of Noncompliance** |
|---|---|
| 1 | **"You must not commit another federal, state, or local crime."** |

On July 1, 2020, Mr. Gittings was arrested by the Indianapolis Metropolitan Police Department and charged with the following offenses in Case Number: 49G25-2007-CM-020763: (1) Operating a Vehicle While Intoxicated Endangering a Person (Misdemeanor); (2) Operating Vehicle with Alcohol Concentration Equivalent to .15 or More (Misdemeanor); (3) Operating a Vehicle While Intoxicated (Misdemeanor); and, (4) Knowingly or Intentionally Operating a Motor Vehicle without Ever Receiving a License.

According to the Probable Cause Affidavit, on July 1, 2020, law enforcement was dispatched to assist EMS with an unresponsive driver sitting in a vehicle. When law enforcement made contact with Mr. Gittings they observed an open container of beer in the center console. Mr. Gittings admitted to drinking beer and vodka. A breathalyzer test was administered and it returned a reading of .209. This matter remains pending.

2 **"You must not commit another federal, state, or local crime."**

On September 13, 2020, Mr. Gittings was arrested by the Indiana State Police and charged with the following offenses in Case Number: 49G25-2009-CM-028700: (1) Operating Vehicle with Alcohol Concentration Equivalent to .15 or More (Misdemeanor); and (2) Operating a Vehicle While Intoxicated (Misdemeanor).

According to the Indiana State Police Incident Report, on September 13, 2020, Mr. Gittings drove his vehicle onto the Indiana State Police Post and entered a secure area of the Post by the gas pumps. Mr. Gittings was observed by an Indiana State Trooper, who was filling up his patrol car. While speaking with the Trooper, Mr. Gittings was observed not wearing his seat belt and had an open beer in the center console. The Trooper observed Mr. Gittings' eyes were watery and blood shot, his speech was slurred, and there was an odor of alcohol coming from the vehicle. Mr. Gittings failed the PBT by registering a .257 BAC. This matter remains pending.

5 **"You shall not knowingly leave the federal jurisdiction district where you are being supervised without the permission of the supervising court/probation officer."**

On February 23, 2021, Mr. Gittings traveled outside of the Southern District of Indiana without the knowledge or permission of the court or probation officer.

6. The court placed Mr. Gittings under oath and directly inquired of Mr. Gittings whether he admitted Violation Numbers 1, 2, and 5 of his supervised release set forth above. Mr. Gittings admitted the violations.

7. Government orally moved to withdraw the remaining violations, which motion was granted by the court.

8. The parties and the USPO further stipulated:

   (a) The highest grade of Violation (Violations 1 - 6) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Gittings's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Gittings's supervised release, therefore, is 8 -14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The government argued for a sentence of eleven (11) months with no supervised release to follow. Defendant argued for home confinement and to hold any sentence in abeyance.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the position of the USPO, **NOW FINDS** that the defendant, PRESTON DUVALL GITTINGS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eleven (11) months with no supervised release to follow. This Magistrate Judge will make a recommendation of substance abuse treatment.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after

being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.  If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Gittings entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Gittings's supervised release, imposing a sentence of eleven (11) months with no supervised release to follow.  This Magistrate Judge makes a recommendation of substance abuse treatment.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Dated:  April 23, 2021

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system